IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JOHN MICHAEL WOLFE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-1569 |
| | ) | |
| PATRICK M. BLANCH, et. al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff, proceeding *pro se*, filed suit on September 6, 2024 naming Judge Patrick M. Blanch and Judge Jonathan D. Frieden of the Fairfax County Circuit Court and Judge Paul F. Sheridan (Ret.) as Defendants (collectively "Defendants"). Plaintiff sues Defendants pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his equal protection rights under the 14th Amendment and violated the Americans with Disabilities Act ("ADA"). Plaintiff seeks an injunction that prevents Defendants from presiding over any current or future matters involving Plaintiff, asks that Defendants recuse themselves from any matters involving Plaintiff, requests that Defendants be prevented from entering orders involving Plaintiff without Plaintiff's consent, and asks

1

that the Court disqualify Judge Sheridan and appoint a new judge to replace Judge Sheridan from presiding over Plaintiff's matters.

Notably, Plaintiff filed a nearly identical Complaint in this Court against fifteen other judges in the Fairfax County Circuit Court Judiciary alleging the same claims and requesting similar injunctive relief. See Wolfe v. Azcarate et al., Case No. 1:23-cv-1711 (PTG/IDD). On September 3, 2024, the District Judge in the previous matter dismissed Plaintiff's claims against those judges with prejudice pursuant to Rule 12(b)(1) and 12(b)(6). Three days later, Plaintiff filed the Complaint now before the Court against three different state court judges. At the time of the prior lawsuit, Judge Blanch and Judge Frieden had not yet been appointed to the Fairfax County Circuit Court Judiciary, and Judge Sheridan (Ret.) was appointed by the Virginia Supreme Court as Judge-Designee to hear Plaintiff's pending Fairfax County matters due to Plaintiff's litigious filings against the entirety of the Fairfax County Circuit Court.

On September 27, 2024, Defendants filed their Motions to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) with a Roseboro notice. Defendants argue that dismissal is appropriate because Defendants are entitled to judicial and Eleventh Amendment immunity, and Plaintiff's claims are barred by the Younger and Rooker-Feldman doctrines. Defendants further argue that the Complaint fails to state a claim because Plaintiff's claims are

2

time barred under 42 U.S.C. § 1983, Plaintiff fails to plead facts establishing a constitutional violation, and the Complaint generally fails to state a claim upon which the relief requested can be granted. On November 1, 2024, Plaintiff timely filed his oppositions to Defendants' motions. The Court has reviewed the parties' supporting briefs, and the case is ripe for disposition. For the reasons set forth below, the Court finds that Defendants are judicially immune from suit, and that the Complaint fails to state a claim for which relief may be granted. Given this ruling, the Court will not address the additional grounds for dismissal provided by Defendants.

This Complaint is the most recent in a series of Complaints filed by Plaintiff concerning his domestic dispute proceedings pending before Fairfax County Circuit Court. Plaintiff alleges that in 2015 he filed a complaint against the "Stronger Together" program for "many violations related to the supervised visitation" that Plaintiff had for his children to visit their mother. Plaintiff alleges that his children were injured at the visitation and "the program leaders covered up this matter by filing a false report." Plaintiff contends that the Fairfax County Circuit Court repeatedly violated his rights to "protect their court services program." Plaintiff states that most recently he "discovered that the Stronger Together program had corruptly changed the contents of the JDR file related to the Plaintiff in an attempt to impact

the Wolfe custody matter in the Circuit Court." Further, Plaintiff alleges he was denied a continuance despite "having a vision disability that would be corrected soon with surgery," and claims that the Fairfax County Circuit Court wishes Plaintiff to have an unfair disadvantage rather than continue the matter.

Plaintiff also alleges twenty-eight actions taken by the Fairfax County Circuit Court during his domestic dispute proceedings, including violating his rights by having two sets of rules for Plaintiff and opposing parties, issuing prejudicial orders, conducting *ex parte* court hearings, creating false evidence, abuse of discretion, improperly refusing to docket motions or removing motions from the docket filed by Plaintiff, failure to recuse, failure to enforce custody orders, improperly dismissing matters, failure to issue a continuance, and numerous other actions that Plaintiff asserts put him at an unfair disadvantage.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. A Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie, or may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting that the second way to challenge subject matter jurisdiction under

4

12(b)(1) is to argue that the jurisdictional allegations of the complaint are not true). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (internal quotation marks omitted)). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction is proper by preponderance of the evidence. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of

5

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted); see Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (nothing that a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations"). A claim will lack "facial plausibility" unless the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted), this does not relieve *pro se* litigants of the requirements under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). "Principles requiring generous construction of *pro se* complaints are not . . . without limits." See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that district judges are "not mind readers" and "cannot be expected to construct full blown claims from sentence fragments").

6

Here, Defendants move to dismiss Plaintiff's claims under 12(b)(1) arguing that Defendants, as state court judges, are entitled to judicial immunity. The doctrine of judicial immunity is "a general principle of the highest importance to the proper administration of justice," recognizing that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978) (internal citation omitted). Judges are immune from claims arising from their judicial acts, "even if [their] exercise of authority is flawed by the commission of grave procedural errors" and "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Id. at 356, 359; see Mireles v. Waco, 502 U.S. 9, 11 (1991) (noting that judicial immunity "is an immunity from suit, not just from ultimate assessment of damages," and thus it "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial"). The doctrine serves to protect the finality of judgments, discourage inappropriate collateral attacks, and "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." See Forrester v. White, 484 U.S. 219, 225 (1988). Accordingly, "[j]udges performing judicial acts within their jurisdiction are entitled to absolute immunity

7

from civil liability claims." <u>In re Mills</u>, 287 F. App'x 273, 279 (4th Cir. 2008).

Absolute judicial immunity can only be overcome if the judge's actions were either (1) undertaken in the clear absence of all jurisdiction; or (2) constituted a non-judicial act. <u>See</u> <u>King v. Myers</u>, 973 F.2d 354, 356, 359 (4th Cir. 1992) (internal citations and quotation marks omitted). Under the first condition, courts distinguish between "acts that are performed in excess of jurisdiction" and those that are performed in the "clear absence of all jurisdiction over the subject-matter," with the former type of act accorded immunity. <u>Id.</u> at 356-57. Thus, a judge will be entitled to immunity if "at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." <u>Id.</u> (citing <u>Stump</u>, 435 U.S. at 356). As to the second condition, in determining whether an act is a "judicial act" or not, a court must decide whether the challenged action "is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." <u>King</u>, 973 F.2d at 357 (citing <u>Stump</u>, 435 U.S. at 362). "The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Stump</u>, 435 U.S. at 362.

8

Plaintiff generally alleges that Defendants, as Fairfax County Circuit Court judges, have engaged in twenty-eight unlawful judicial acts. Although Plaintiff never identifies any alleged action attributable to Judge Blanch or Judge Frieden, his collective claims all relate to his family court proceedings before the Fairfax County Circuit Court. Plaintiff alleges that Judge Sheridan (Ret.) unfairly denied his request for a continuance and asked Judge Sheridan (Ret.) to recuse himself for his involvement with two other judges, who are not named as defendants, and who "were two of the judges most responsible for corruption involving court matters with the Plaintiff." Plaintiff contends that the "corruption" of these judges "cause good judges to become corrupted" and "a bad judge can spoil the whole batch[,]" and therefore, the only way to resolve the "current situation is to injunct the Fairfax [County] Circuit Court and Judge Sheridan [and] get another outside judge for each matter involving the Plaintiff." Plaintiff also alleges actions on behalf of a "Stronger Together" program, which Plaintiff purports is part of the Courts Services Unit of Fairfax County Courts; however, neither the Stronger Together program nor the Court Services Unit are parties to this lawsuit and therefore will not be considered.

Based on Plaintiff's allegations as to the named Defendants, it is clear that Plaintiff is seeking to challenge judicial acts allegedly taken by Defendants in their judicial capacity while

presiding over matters involving Plaintiff's domestic dispute proceedings in Fairfax County Circuit Court. Moreover, Plaintiff does not assert that any of the alleged judicial acts taken by Defendants were done in the clear absence of all jurisdiction. Indeed, there is no dispute that Plaintiff is seeking to challenge Defendants' judicial acts taken in their judicial capacity. While Plaintiff takes issue with the judicial acts of the Fairfax County Circuit Court Judiciary and argues that the judges—some unnamed and no longer on the bench—have acted "corruptly," "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" Stump, 435 U.S. at 356. Further, "[d]isagreement with the action taken by the judge [] does not justify depriving that judge of his immunity." Id. at 363.

In his opposition, Plaintiff argues that "[j]udges have immunity from civil claims that are monetary;" however, "there exists no immunity for violating a person's civil rights." Contrary to Plaintiff's argument, which does not cite any case law, courts have held that the doctrine of immunity extends to suits for injunctive relief and consistently dismiss matters based on judicial immunity involving Fourteenth Amendment claims brought pursuant to Section 1983 when the alleged actions were judicial acts involving matters for which judges had jurisdiction. See, e.g., Lepelletier v. Tran, 633 F. App'x 126, 127 (4th Cir. 2016)

10

(finding that plaintiff's claims for "injunctive relief against a sitting state court judge for actions taken in his judicial capacity [] were barred by the plain language of § 1983"); <u>Kandare v. Gillies</u>, No. 2:20-cv-318, 2021 WL 4932003, at *13-15 (E.D. Va. Jul. 29, 2021) (dismissing plaintiff's § 1983 claims against judges based in part on judicial immunity). Considering the merits of the immunity argument, the Court finds that the alleged actions of Defendants were judicial acts involving matters over which Defendants had jurisdiction, and Defendants, as state court judges, are immune from suit.

Moreover, the Court finds that Plaintiff is not entitled to his request for injunctive relief under Section 1983. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted <u>unless a declaratory decree was violated or declaratory relief was unavailable</u>." 42 U.S.C. § 1983 (emphasis added). In his opposition, Plaintiff asserts that he "had no declaratory relief available for planned civil right violations that were related to ongoing court matters including those that were going to happen in September, October, or November 2024." However, Plaintiff offers no further explanation as to why any alleged violations during the months after the Complaint was filed would render declaratory relief in this action unavailable. Plaintiff has also failed to allege a violation of a declaratory

11

decree by Defendants. For this reason alone, Plaintiff's claims against Defendants under Section 1983 must be dismissed.

Even if Defendants were not entitled to judicial immunity, Plaintiff's equal protection and ADA claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. To prevail on a Section 1983 claim, a plaintiff "must show that (1) [he was] deprived of a federal statutory or constitutional right; and (2) the deprivation was committed under color of state law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Plaintiff identifies "14th amendment - equal protection, Civil Rights Act Section 42 U.S.C. 1983" and "ADA" as the basis for his suit. Plaintiff does not define "ADA," but the Court will construe Plaintiff's use of "ADA" to be a claim under the Americans with Disabilities Act.

As to the equal protection claim, "[i]n order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." Equity in Ath., Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011). Plaintiff's equal protection claim appears to stem from his assertion that Defendants "[v]iolated his civil rights by having two sets of rules for the Plaintiff and opposing parties." Specifically, Plaintiff asserts, among other things, that

12

Defendants have engaged in "[u]nequal treatment when granting continuances or setting hearing dates," "[a]llowing the opposing party to present evidence from the start of time but preventing the plaintiff from doing so by limiting his evidence to the prior custody order[,]" "[n]ot enforcing the Wolfe custody order against the Defendant and thus allowing her to escape paying tens of thousands in child support," and "[a]llowing the opponent in the custody matter to have years to pay off arrears but requiring the Plaintiff to pay in weeks."

Construing the Complaint liberally, it appears Plaintiff is alleging that his ex-wife is the individual with whom he is similarly situated. However, the Court does not find that Plaintiff has plausibly alleged that he and his ex-wife were treated differently or unequally nor that the alleged unequal treatment was the result of discriminatory animus. Additionally, while Plaintiff lists several grievances with the Fairfax County Circuit Court, the Complaint fails to identify which Defendants allegedly performed the actions, and as a result, the Court is unable to determine whether Defendants, individually or collectively, are liable for the alleged misconduct. The only grievance listing a named Defendant is Plaintiff's claim that Judge Sheridan "was made aware that the opposition was using the Plaintiff's disability to gain an unfair advantage in the upcoming trial, but he would not grant a continuance." The Complaint does not name one alleged

13

grievance attributable to Defendant Blanch or Defendant Frieden. Moreover, Plaintiff makes no connection between his equal protection claim and the alleged role the named Defendants had in violating his rights. Instead, Plaintiff asserts vague and conclusory allegations against the Fairfax County Circuit Court and fails to allege enough facts that permit the Court to draw any reasonable inference that Defendants are liable for the misconduct alleged. Thus, Plaintiff's equal protection claim must be dismissed pursuant to Rule 12(b)(6).

Finally, Plaintiff's ADA claim also fails to state a claim upon which relief may be granted. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services . . . of a <u>public entity</u>, or be subjected to discrimination by such any <u>entity</u>." 42 U.S.C. § 12132 (emphasis added); <u>see</u> § 12131(1) (a "public entity" is defined, in relevant part, as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government"). Plaintiff alleges that some unnamed judge violated the ADA because that judge refused to grant Plaintiff a continuance due to his medical issue and "stated that he didn't care if anyone was hospitalized or had a vision impairment." Plaintiff also alleges that Defendant Sheridan was aware that the opposition was using Plaintiff's medical disability

14

to gain an unfair advantage and still refused to grant a continuance. However, the ADA does not authorize suits against individuals; thus, the individual Defendants here cannot be liable for violations of the ADA. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (holding that the ADA does not permit actions against individual defendants for retaliation conduct protected under the ADA); Allen v. College of William & Mary, 245 F. Supp. 2d 777, 787 (E.D. Va. 2003) ("[Precedent in this district and this circuit] has established that individuals are not liable for violations of the ADA"). It is clear Plaintiff brought this action against individual judges and not a covered entity. Thus, Plaintiff's ADA claim must also be dismissed.

For the foregoing reasons, Defendants' Motions to Dismiss should be GRANTED, and this case DISMISSED.

An appropriate Order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 24, 2025

15